UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:

SERVICE NOW, Inc.
                                                              BANKRUPTCY
                                                        CASE NO.: 04-12338-MGW

        Debtor(s)

_____/

## NOTICE OF FILING MOTION FOR PAYMENT OF UNCLAIMED FUNDS

        COMES NOW the Goodwin Distribution, Inc. and hereby gives notice of filing their Motion

for Payment of Unclaimed Funds.

## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

via process server on the U.S. Attorney General, Attn: Civil Procedures Clerk, 400 N. Tampa

Street, Suite 3200, Tampa, Florida 33602, on this 2nd day of October, 2014.

                        DICKINSON & GIBBONS, P.A.

                        By: /s/ Elizabeth D. Moneymaker
                        ELIZABETH D. MONEYMAKER
                        Gateway Professional Center
                        401 North Cattlemen Road, Suite 300
                        Sarasota, FL 34232-6438
                        emoneymaker@dglawyers.com
                        Florida Bar No. 885851
                        (941) 366-4680
                        (941) 365-2923 Facsimile

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In Re:                                    )    Case No.
                                          )
        Service Now, Inc.                 )    04-12338-MGW
                                          )
                                          )
                                          )
        Debtor(s)                         )

## MOTION FOR PAYMENT OF UNCLAIMED FUNDS

      Comes now the undersigned, to move the Court to enter an order directing payment of unclaimed funds now on deposit in the Registry of the United States Bankruptcy Court. Claimant is a _X_ creditor____ debtor (check one) in the above captioned bankruptcy case and on whose behalf funds were deposited. I have a right to claim said funds due to the following: _Pioneer Metal, Inc._

Name of Claimant: Goodman Distribution, Inc.

Mailing Address: 5151 San Felipe, Suite 500

City: Houston                    State: TX    Zip Code: 77056

Telephone Number: Home: n/a                Work: (713) 861-2500

Last Four Digits of SS# or Tax ID Number: FEIN 76-0309878

Amount of Claim: $25,505.80

      Claimant certifies under penalty of perjury that all statements made by Claimant on this motion and any attachments required for this Motion is, to the best of Claimant's knowledge, true and correct. Accordingly, Claimant requests the Court to enter an Order authorizing payment of the dividend due upon this claim.

      I certify that I have mailed a copy of this Motion to the U.S. Attorney, Attn: Civil Procedures Clerk, 400 N. Tampa St., Ste. 3200, Tampa, FL 33602.

_____          9/24/14
CLAIMANT'S SIGNATURE                     _____
                                          DATE

GOODMAN DISTRIBUTION, INC.
ASSISTANT SECRETARY'S CERTIFICATE

The undersigned, Michael J. Pancherz, being the Assistant Secretary and Counsel of Goodman Distribution, Inc., a Texas corporation, FEIN 76-0309878 (the "Company"), does hereby certify that:

1.    The Company is the successor in interest of Pioneer Metals, Inc., a Florida corporation ("PMI") pursuant to a series of transactions as further set forth in this Certificate.

2.    Effective March 3, 2000, Goodman Distributing Company, a Texas corporation, indirectly acquired ownership of PMI pursuant to that certain Plan of Merger, dated March 3, 2000, by and among PMI; Goodman Distributing Company; Goodman of Texas Acquisition Corp., a Florida corporation and wholly-owned subsidiary of Goodman Distributing Company; and the principal shareholders of PMI. In consummation of the Plan of Merger, Goodman of Texas Acquisition Corp. merged with and into PMI with PMI being the surviving corporation and Goodman Distributing Company the owner of 100% of the issued and outstanding equity interests of PMI. A copy of the Articles of Merger filed with the office of the Secretary of State of the State of Florida is attached to this Certificate as Exhibit A.

3.    Effective April 24, 2001 and pursuant to that certain First Amendment to the Articles of Incorporation Goodman Distributing Company, Goodman Distributing Company changed its name to Goodman Global Holdings, Inc. ("GGHI Texas"). A copy of the First Amendment filed with the office of the Secretary of State of the State of Texas is attached to this Certificate as Exhibit B.

4.    Effective December 23, 2004, Goodman Global Holdings, Inc., a Delaware corporation ("GGHI Delaware") acquired certain of the assets of GGHI Texas pursuant to that certain Asset Purchase Agreement, dated November 11, 2004, including, among other assets, 100% of the issued and outstanding equity interests of PMI.

5.    Effective July 20, 2007 and pursuant to those certain Articles of Amendment to the Articles of Incorporation of PMI, PMI changed its name to Goodman Distribution Southeast, Inc. ("GDSI"). A copy of the Articles of Amendment filed with the office of Secretary of State of the State of Florida is attached to this Certificate as Exhibit C.

6.    Effective March 31, 2010 and pursuant to that certain Agreement and Plan of Merger, dated March 26, 2010, GDSI merged with and into the Company with the Company being the surviving corporation. Both GDSI and the Company were wholly-owned subsidiaries of GGHI Delaware at the time of the foregoing transaction. A copy of the Articles of Merger filed with the office of the Secretary of State of the State of Florida is attached to this Certificate as Exhibit D.

7.    Raymond V. Carroll, Jr. is the duly elected and qualified Vice President, Assistant General Counsel and Assistant Secretary of the Company.

8.    Caren P. DeLuccio is the duly elected and qualified Assistant Secretary and Counsel of the Company.

9.      The signatures appearing opposite their respective names on <u>Exhibit E</u> attached hereto are the true and genuine signatures of such officers, and each of such officers is duly authorized by all necessary corporate action to execute and file motions in the United States Bankruptcy Court on behalf of the Company as successor in interest to PMI and to execute and deliver and to take any other action deemed necessary by either such officer on behalf of the Company in connection with Case Number 04-12338-MGW.

This Certificate (including <u>Exhibit E</u> attached hereto) may be executed in any number of duplicate originals and in multiple counterparts, each of which constitutes an original, and all of which, collectively, constitute only one certificate. The signatures of all of the parties need not appear on the same counterpart, and delivery of an executed counterpart by facsimile, electronic mail or other electronic means is as effective as executing and delivering this Certificate in the presence of the undersigned.

        IN WITNESS WHEREOF, the undersigned has executed this Certificate on behalf of the Company as of the 24th day of September, 2014.

                                            Michael J. Pancherz,
                                            Assistant Secretary and Counsel


State of Texas
County of Harris

This instrument was acknowledged before me on September 24 2014 by Michael J. Pancherz, Assistant Secretary and Counsel of Goodman Distribution, Inc., a Texas corporation, on behalf of said corporation.

                                            Notary Public's Signature

MADAY HURTADO
My Commission Expires
December 29, 2014

                                            (seal)

## EXHIBIT A

**Articles of Merger – Goodman of Texas Acquisition Corp.
with and into Pioneer Metals, Inc.**

*See attached.*

# 188569

ALFRED G. SMITH
Requester's Name

201 S. BISCAYNE BLVD. STE.
Address          1600

MIAMI FL. 33131 305-358-6300
City/State/Zip    Phone #
Ext. 9147

Office Use Only

## CORPORATION NAME(S) & DOCUMENT NUMBER(S), (if known):

1. GOODMAN OF TEXAS ACQUISITION CORP.
   (Corporation Name)                    (Document #)

2. PIONEER METALS, INC.
   (Corporation Name)                    (Document #)

   500003156205--6
   -03/03/00--01052--001
   *****87.50  *****87.50

3. _____
   (Corporation Name)                    (Document #)

4. _____
   (Corporation Name)                    (Document #)

☐ Walk in     ☐ Pick up time _____     ☑ Certified Copy
☐ Mail out    ☐ Will wait                ☑ Certificate of Status
              ☐ Photocopy

RECEIVED
00 MAR -3 AM 9:06
SECRETARY OF STATE
DIVISION OF CORPORATIONS
TALLAHASSEE, FLORIDA

### NEW FILINGS
☑ Profit
☐ Not for Profit
☐ Limited Liability
☐ Domestication
☑ Other -ss

### OTHER FILINGS
☐ Annual Report
☐ Fictitious Name

### AMENDMENTS
☐ Amendment
☐ Resignation of R.A., Officer/Director
☐ Change of Registered Agent
☐ Dissolution/Withdrawal
☑ Merger

### REGISTRATION/QUALIFICATION
☐ Foreign
☐ Limited Partnership
☐ Reinstatement
☐ Trademark
☐ Other

3/3/00
merger

CR2E031(7/97)

Examiner's Initials  SP

**ARTICLES OF MERGER**
Merger Sheet

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MERGING:

GOODMAN OF TEXAS ACQUISITION CORP., a FL corp., P00000015042

INTO

**PIONEER METALS INC.**, a Florida entity, 188569

File date: March 3, 2000

Corporate Specialist: Susan Payne

Division of Corporations – P.O. BOX 6327 -Tallahassee, Florida 32314

FILED

00 MAR -3 PM 12: 30

SECRETARY OF STATE
TALLAHASSEE, FLORIDA

**ARTICLES OF MERGER**

OF

**GOODMAN OF TEXAS ACQUISITION CORP.**
(a Florida corporation)

into

**PIONEER METALS INC.**
(a Florida corporation)

**(UNDER §607.1105 OF THE FLORIDA
BUSINESS CORPORATION ACT)**

Pursuant to Section 607.1105 of the Florida Business Corporation Act, GOODMAN OF TEXAS ACQUISITION CORP., a Florida corporation ("Purchaser"), and PIONEER METALS INC., a Florida corporation (the "Company"), hereby adopt the following Articles of Merger:

1. The Plan of Merger, dated as of March 3, 2000 (the "Plan of Merger"), between Purchaser and the Company, is attached hereto as Exhibit A and incorporated herein by reference thereto.

2. The Plan of Merger, providing for the merger of Purchaser with and into the Company (the "Merger"), was adopted and approved by: (a) the written consent of all of the directors of Purchaser on March 2, 2000, (b) the written consent of sole shareholder of the Purchaser on March 3, 2000, (b) the written consent of all of the directors of the Company on March 3, 2000, and (c) the written consent by the holders of 146,000 shares of the Company's capital stock, par value $.10 per share (which shares constitute more than fifty percent (50%) of the outstanding shares of the Company's capital stock, par value $.10 per share) on March 3, 2000. The adoption and approval of the Plan of Merger by such holders of the Company's capital stock was sufficient to approve the Plan of Merger.

3. The Merger shall become effective upon the filing these Articles of Merger with the Department of State of the State of Florida.

323582-3

IN WITNESS WHEREOF, these Articles of Merger have been executed by a duly authorized officer of each of Purchaser and the Company as of this 3rd day of March, 2000.

GOODMAN OF TEXAS ACQUISITION CORP.

By: _____
      Name: John B. Goodman
      Title:  Chairman

PIONEER METALS INC.

By: _____
      Name: William H. Hegamyer
      Title:  President and Director

2

## EXHIBIT A

## PLAN OF MERGER

**THIS PLAN OF MERGER**, dated as of March 3, 2000 (this "Plan of Merger"), by and between Goodman of Texas Acquisition Corp., a Florida corporation ("Purchaser"), and Pioneer Metals, Inc., a Florida corporation (the "Company").

**SECTION 1.**   **Terms of Merger.**   Purchaser shall, in accordance with the Florida Business Corporation Act ("Florida Law"), merge with and into the Company (the "Merger"). As a result of the Merger, and upon the effective date and time the Articles of Merger are filed with the Florida Department of State (the "Effective Time"), the separate corporate existence of Purchaser shall cease and the Company shall continue as the surviving corporation after the Merger (the "Surviving Corporation").

**SECTION 2.**   **Conversion of Securities.**   At the Effective Time, by virtue of the Merger and without any action on the part of Purchaser, the Company or the holders of any of the following securities:

(a)   Each share (a "Share") of the Company's capital stock, par value $.10 per share, issued and outstanding immediately prior to the Effective Time (other than any Shares to be canceled pursuant to Section 2(b) below and any Dissenting Shares (as defined in Section 3 below)) shall be converted automatically into the right to receive $615.43 in cash (the "Merger Consideration") payable, without interest, to the holder of such Share, upon surrender, in the manner provided in Section 4, of the certificate that formerly evidenced such Share; and

(b)   (i) Each Share held by Purchaser and each Share held in the treasury of the Company or any subsidiary of the Company immediately prior to the Effective Time shall be canceled without any conversion thereof and no payment or distribution shall be made with respect thereto; and (ii) each share of capital stock, $1.00 par value, of Purchaser outstanding immediately prior to the Effective Time shall be converted and exchanged for one validly issued, fully paid and nonassessable share of capital stock, par value $1.00 per share, of the Surviving Corporation.

**SECTION 3.**   **Dissenting Shares.**   Notwithstanding any provision of this Plan of Merger to the contrary, Shares that are outstanding immediately prior to the Effective Time and that are held by shareholders who shall comply with all of the relevant provisions of Section 607.1320 of Florida Law (collectively, the "Dissenting Shares") shall not be converted into the right to receive payment from the Surviving Corporation with respect to such Dissenting Shares in accordance with Florida Law, unless and until such holders shall have failed to perfect or shall have effectively withdrawn or lost their rights to appraisal under Florida Law. If any such holder shall have failed to perfect or shall have effectively withdrawn or lost such right, such holder's Shares shall be entitled to receive the Merger Consideration in accordance with Section 2 above.

323582-4

**SECTION 4.**     <u>Surrender of Shares; Stock Transfer Books.</u>

(a)     The Company has designated SunTrust Bank to act as agent (the "Paying Agent") for the holders of Shares in connection with the Merger to receive the funds to which holders of Shares shall become entitled pursuant to Section 2(a) above. At the request of the Surviving Corporation, such funds may be invested by the Paying Agent in an interest bearing demand deposit account of the Paying Agent.

(b)     Promptly after the Effective Time, the Surviving Corporation shall cause to be mailed to each person (other than those persons referred to in Section 4(c) below) who was, at the Effective Time, a holder of record of Shares entitled to receive the Merger Consideration pursuant to Section 2(a) above, a form of letter of transmittal (the "Letter of Transmittal") (which shall specify that delivery shall be effected, and risk of loss and title to the certificates evidencing Shares (the "Certificates") shall pass, only upon proper delivery of the Certificates to the Paying Agent) and instructions for use in effecting the surrender of the Certificates pursuant to such Letter of Transmittal. Upon surrender to the Paying Agent of a Certificate, together with such Letter of Transmittal, duly completed and validly executed in accordance with the instructions thereto, and such other documents as may be required pursuant to such instructions, the holder of such Certificate shall be entitled to receive in exchange therefor the Merger Consideration for each Share formerly evidenced by such Certificate, and such Certificate shall then be canceled. No interest shall accrue or be paid on the Merger Consideration payable upon the surrender of any Certificate for the benefit of the holder of such Certificate. If payment of the Merger Consideration is to be made to a person other than the person in whose name the surrendered Certificate is registered on the stock transfer books of the Company, it shall be a condition of payment that the Certificate so surrendered shall be endorsed properly or otherwise be in proper form for transfer and that the person requesting such payment shall have paid all transfer and other taxes required by reason of the payment of the Merger Consideration to a person other than the registered holder of the Certificate surrendered or shall have established to the satisfaction of the Surviving Corporation that such taxes either have been paid or are not applicable.

(c)     At any time following the sixth monthly anniversary of the Effective Date, the Surviving Corporation shall be entitled to require the Paying Agent to deliver to it any funds which had been made available to the Paying Agent and not disbursed to holders of Shares (including, without limitation, all interest and other income received by the Paying Agent in respect of all funds made available to it), and thereafter such holders shall be entitled to look to the Surviving Corporation (subject to abandoned property, escheat and other similar laws) only as general creditors thereof with respect to any Merger Consideration that may be payable upon due surrender of the Certificates held by them to the fullest extent permitted by law. Notwithstanding the foregoing, to the fullest extent permitted by law, neither the Surviving Corporation nor the Paying Agent shall be liable to any holder of a Share for any Merger Consideration properly delivered in respect of such Share to a public official pursuant to any abandoned property, escheat or other similar law.

(d)    At the Effective Time, the stock transfer books of the Company shall be closed to the extent permitted by applicable law and thereafter there shall be no further registration of transfers of Shares on the records of the Company. From and after the Effective Time, the holders of Shares outstanding immediately prior to the Effective Time shall cease to have any rights with respect to such Shares except as otherwise provided herein or by applicable law.

**SECTION 5.    Effect of the Merger.**  At the Effective Time, the effect of the Merger shall be as provided in the applicable provisions of Florida Law, including without limitation the provisions of Section 607.1106 of Florida Law, which are incorporated herein by reference.

**SECTION 6.    Articles of Incorporation; By-laws.**  At the Effective Time: (a) the Articles of Incorporation of the Surviving Corporation shall be amended and restated to read as set forth in Exhibit A attached hereto, until thereafter amended as provided by law and such Amended and Restated Articles of Incorporation; and (b) the By-laws of the Surviving Corporation shall be amended and restated as set forth in Exhibit B attached hereto, until thereafter amended as provided by law and by such By-laws.

**SECTION 7.    Directors and Officers.**  The directors of Purchaser immediately prior to the Effective Time shall be the directors of the Surviving Corporation, each to hold office in accordance with the Amended and Restated Articles of Incorporation and Amended and Restated By-laws of the Surviving Corporation, and the officers of Purchaser immediately prior to the Effective Time shall be the officers of the Surviving Corporation, in each case until their respective successors are duly elected or appointed and qualified.

323582-3

3

IN WITNESS WHEREOF, the Company and the Purchaser have caused this Plan of Merger to be executed as of the date first written above by their respective officers thereunto duly authorized.

PIONEER METALS INC.

By: _____
William H. Hegamyer
President

GOODMAN OF TEXAS ACQUISITION
CORP.

By: _____
John B. Goodman
Chairman

323582-3

<u>EXHIBIT A TO PLAN OF MERGER</u>

## AMENDED AND RESTATED
## ARTICLES OF INCORPORATION
## OF
## PIONEER METALS INC.

Pursuant to the Plan of Merger dated as of March 3, 2000 (the "Plan") between **GOODMAN OF TEXAS ACQUISITION CORP.**, a Florida corporation (the "Purchaser") and **PIONEER METALS INC.**, a Florida corporation (the "Corporation"), the Purchaser is being merged with and into the Corporation, with the Corporation being the surviving corporation (the "Merger"). As contemplated by the Plan and upon the effectiveness of the Merger, the existing Articles of Incorporation, as heretofore amended, of the Corporation are being amended and restated in their entirety to read as follows:

### ARTICLE I - NAME

The name of the Corporation is Pioneer Metals Inc.

### ARTICLE II - PRINCIPAL OFFICE

The principal office and mailing address of the Corporation is located at 6501 N.W. 37th Avenue, Miami, Florida 33147.

### ARTICLE III - PURPOSE

The Corporation may engage in any activity or business permitted under the laws of the United States and of the State of Florida.

### ARTICLE IV - CAPITAL STOCK

The Corporation is authorized to issue 1,000 shares of common stock, par value $1.00 per share.

### ARTICLE V - REGISTERED OFFICE AND AGENT

The name of the registered agent of the Corporation shall be CT Corporation System, and its address is 1200 South Pine Island Road, Plantation, Florida 33324.

### ARTICLE VI - BOARD OF DIRECTORS

The number of directors of the Corporation shall be fixed as determined by the Bylaws. The number of directors constituting the board immediately following the Merger is four (4), and the

MIADOCS 315466.2 IPB

name and business address of each person who is to serve as a director until the next annual meeting of shareholders or until his or her successor is elected and qualified are:

| Name | Address |
| --- | --- |
| Betsy G. Abell | 1501 Seamist, Houston, Texas  77008-5097 |
| G. Hughes Abell | 1501 Seamist, Houston, Texas  77008-5097 |
| Meg L. Goodman | 1501 Seamist, Houston, Texas  77008-5097 |
| John B. Goodman | 1501 Seamist, Houston, Texas  77008-5097 |

## ARTICLE VII - BYLAWS

The bylaws of the Corporation may be adopted, altered, amended or repealed by either the shareholders or the directors.

## ARTICLE VIII - INDEMNIFICATION

The Corporation shall indemnify any officer or director, or any former officer or director, to the full extent permitted by Florida Business Corporation Act.

## ARTICLE IX - AMENDMENT

The Corporation reserves the right to amend or repeal any provisions contained in these Articles of Incorporation, in accordance with the provisions of the Florida Business Corporation Act.

## CERTIFICATE DESIGNATING PLACE OF BUSINESS OR DOMICILE
## FOR THE SERVICE OF PROCESS WITHIN FLORIDA,
## NAMING AGENT UPON WHOM PROCESS MAY BE SERVED

In compliance with Section 48.091, Florida Statutes, the following is submitted:

Effective upon the Merger referred to in the attached Restated Articles of Incorporation,

Pioneer Metals Inc. has named CT Corporation System, 1200 South Pine Island Road, Plantation,

Florida 33324, County of Broward, State of Florida, as its agent to accept service of process within

Florida.

CT CORPORATION SYSTEM

By: _Jennifer M Burnett_
Authorized Signatory
Jennifer McBurnett, Assistant Secretary
Date:   March 3, 2000

Having been named to accept service of process for the above-stated corporation, at the place

designated in this certificate, the undersigned hereby agrees to act in this capacity, and the

undersigned further agrees to comply with the provisions of all statutes relative to the proper and

complete performance of its duties.

CT CORPORATION SYSTEM

By: _Jennifer M Burnett_
Authorized Signatory
Jennifer McBurnett, Assistant Secretary
Date:   March 3, 2000

## EXHIBIT B

**First Amendment to the Articles
of Incorporation – Goodman Distributing Company**

*See attached.*

FILED
In the Office of the
Secretary of State of Texas

APR 24 2001

Corporations Section

# FIRST AMENDMENT TO THE
## ARTICLES OF INCORPORATION
### OF
## GOODMAN DISTRIBUTING COMPANY

Pursuant to the provisions of Article 4.04 of the Texas Business Corporation Act ("TBCA"), the undersigned corporation adopts the following First Amendment to the Articles of Incorporation of Goodman Distributing Company (the "First Amendment"), which amends Articles of Incorporation of the undersigned corporation. The number of shares of Series A Stock of the corporation outstanding at the time of the adoption was 1,167.99 and the number of shares Series A Stock entitled to vote on the amendment was 1,167.99. The number of shares of Series B Stock of the corporation outstanding at the time of the adoption was 98,832 and the number of shares Series B Stock entitled to vote on the amendment was 98,832.

The holders of at least a majority of the shares outstanding and entitled to vote on the adoption of the First Amendment have signed consents in writing pursuant to Article VIII of the Articles of Incorporation of the undersigned corporation and Article 9.10 of the TBCA, adopting the First Amendment effective as of April 23, 2001 and any written notice required by Article 9.10(A)(4) of the TBCA has been given. The number of shares of Series A Stock that consented to the adoption of the First Amendment was 1,167.99 and the number of shares of Series A Stock that did not consent to the amendment was zero. The number of shares of Series B Stock that consented to the adoption of the First Amendment was 74,124 and the number of shares of Series B Stock that did not consent to the amendment was 24,708.

The amendment changes the amount of the stated capital of the corporation. The amount of stated capital as changed by the amendment to the par capital was reduced from $100,000 to $1,000. As a result of the amendment, the shares of capital stock have been reclassified from capital stock having a par value of $1.00 per share each into capital stock having a par value of $0.01 par value per share each.

## ARTICLE ONE

The name of the undersigned corporation is Goodman Distributing Company.

## ARTICLE TWO

The following amendments to the Articles of Incorporation of the undersigned corporation were adopted on April 23, 2001:

(a)    Article I of the Articles of Incorporation of the undersigned corporation is amended in its entirety so that, as amended, the full text of the amended Article I is as follows:

The name of the corporation is Goodman Global Holdings, Inc. (the "Corporation").

(b)    Section 4.1 of Article IV of the Articles of Incorporation of the undersigned corporation is amended in its entirety so that, as amended, the full text of the amended Section 4.1 of Article IV, is as follows.

Section 4.1    The total number of shares of all classes of capital stock which the Corporation shall have authority to issue is fourteen million five hundred thirty thousand eight hundred four shares (14,530,804), par value one cent ($0.01) per share, of which (a) one thousand one hundred sixty-eight (1,168) shares shall be designated as Series A Common Stock ("Series A Stock") and (b) fourteen million five hundred twenty nine thousand six hundred thirty six (14,529,636) shares shall be designated as Series B Common Stock ("Series B Stock"). Except as to voting rights, each share of Series A Stock and each share of Series B Stock shall have identical rights and privileges in every respect. The holders of shares of Series A Stock shall be entitled to vote upon all matters submitted to a vote of the shareholders of the Corporation and shall be entitled to one vote for each share of Series A Stock held. Except as otherwise required by the TBCA or by these Articles of Incorporation, the holders of shares of Series B Stock shall not be entitled to vote upon any matter submitted to a vote of the shareholders of the Corporation.

(c)    Article VI of the Articles of Incorporation of the undersigned corporation is amended in its entirety so that, as amended, the full text of the amended Article VI, is as follows.

The street address of the registered office of the Corporation is 1501 Seamist, Houston, Texas 77008-5097 and the name of its registered agent at that address is Ben D. Campbell.

IN WITNESS WHEREOF, I have hereunto set my hand as of this 23rd day of April, 2001.

GOODMAN GLOBAL HOLDINGS, INC.

By:    _____
Ben D. Campbell, Executive Vice President, Secretary and General Counsel

1280691 2

-2-

## EXHIBIT C

**Articles of Amendment to the Articles
of Incorporation – Pioneer Metals, Inc.**

*See attached.*

.

JUL-20-07 10:29   From:AKERMAN SENTERFITT          3053745095          T-887  P.01/02  Job-292

Division of Corporation                                                 Page 1 of 1

# 188569

## Florida Department of State
### Division of Corporations
### Public Access System

### Electronic Filing Cover Sheet

**Note: Please print this page and use it as a cover sheet.** Type the fax audit
number (shown below) on the top and bottom of all pages of the document.

### (((H07000185630 3)))



H07000185630ABC/

**Note:** DO NOT hit the REFRESH/RELOAD button on your browser from this
page. Doing so will generate another cover sheet.

```
To:
     Division of Corporations
     Fax Number    : (850)205-0380
From:   Angelica M. Chiru
     Account Name  : AKERMAN SENTERFITT (MIAMI)
     Account Number : 075471001363
     Phone         : (305)374-5600
     Fax Number    : (305)374-5095
```

## COR AMND/RESTATE/CORRECT OR O/D RESIGN

### PIONEER METALS INC.

| Certificate of Status | 0       |
|-----------------------|---------|
| Certified Copy        | 1       |
| Page Count            | 01      |
| Estimated Charge      | $43.75  |

Electronic Filing Menu        Corporate Filing Menu          Help

https://efile.sunbiz.org/scripts/efilcovr.exe                    7/20/2007



JUL-20-07  10:29  From:AKERMAN SENTERFITT          3053745095          T-837  P.02/02  Job-383

FAX AUDIT # H07000185630

## ARTICLES OF AMENDMENT TO
## ARTICLES OF INCORPORATION OF
## PIONEER METALS INC.,
### a Florida corporation
### Re: Name Change to GOODMAN DISTRIBUTION SOUTHEAST, INC.

Pursuant to the provisions of section 607.1006, Florida Statutes, Pioneer Metals Inc., a Florida Profit Corporation, Document # 188569 (the "Corporation"), adopts the following amendment to its Articles of Incorporation:

*Change of Name to Goodman Distribution Southeast, Inc.*

Article I of the Amended and Restated Articles of Incorporation is hereby amended so that, as amended, Article I shall read in its entirety as follows:

### "ARTICLE I Name

The name of the Corporation is **GOODMAN DISTRIBUTION SOUTHEAST, INC.**"

The foregoing Amendment to the Articles of Incorporation of the Corporation was proposed and unanimously approved by the Corporation's directors and sole shareholder by Joint Written Consent effective as of July 19, 2007.

IN WITNESS WHEREOF, the undersigned Assistant Secretary of the Corporation has executed these Articles of Amendment this 19th day of July, 2007.

GOODMAN DISTRIBUTION SOUTHEAST, INC., a Florida corporation (formerly known as PIONEER METALS INC.)

By: _R. Mike Bryant_

R. Mike Bryant, Assistant Secretary

{M1527334;1}
FAX AUDIT # H07000185630

FILED
07 JUL 20 PM 2: 19
SECRETARY OF STATE
TALLAHASSEE FLORIDA

## EXHIBIT D

**Articles of Merger – Goodman Distribution Southeast, Inc.
with and into Goodman Distribution, Inc.**

*See attached.*

# F04000002114

---

_____
(Requestor's Name)

_____
(Address)

_____
(Address)

_____
(City/State/Zip/Phone #)

☐ PICK-UP    ☐ WAIT    ☐ MAIL

_____
(Business Entity Name)

_____
(Document Number)

Certified Copies _____    Certificates of Status _____

Special Instructions to Filing Officer:

Office Use Only

---



500172974465

03/30/10--01001--004  **70.00

EFFECTIVE DATE
03-31-10

RECEIVED
10 MAR 29 PM 3:12
REGISTRATION OF STATE
DIVISION OF CORPORATIONS
TALLAHASSEE, FLORIDA

FILED
10 MAR 29 PM 4:45
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

_Merger_

C.COULLIETTE

MAR 3 1 2010

EXAMINER

## COVER LETTER

**TO:**    Amendment Section
        Division of Corporations

SUBJECT:_____ **Goodman Distribution, Inc.**_____
                        Name of Surviving Corporation

The enclosed Articles of Merger and fee are submitted for filing.

Please return all correspondence concerning this matter to following:

_____ Charles L. Cooper, Jr., Esq. _____
                    Contact Person


_____ Bryant Miller Olive _____
                    Firm/Company


_____ 101 North Monroe Street, Suite 900 _____
                        Address


_____ Tallahassee, Florida  32301 _____
                    City/State and Zip Code


_____
    E-mail address: (to be used for future annual report notification)

For further information concerning this matter, please call:

\_\_\_\_\_ Pamela K. Bailey, FRP, Paralegal \_\_\_\_\_ At ( \_850\_ ) \_\_\_\_\_ 222-8611 \_\_\_\_\_
                Name of Contact Person                    Area Code & Daytime Telephone Number

☐ Certified copy (optional) $8.75 **(Please send an additional copy of your document if a certified copy is requested)**

**STREET ADDRESS:**                **MAILING ADDRESS:**
Amendment Section                Amendment Section
Division of Corporations            Division of Corporations
Clifton Building                P.O. Box 6327
2661 Executive Center Circle        Tallahassee, Florida 32314
Tallahassee, Florida 32301

# ARTICLES OF MERGER

THE UNDERSIGNED hereby make and file these Articles of Merger in accordance with Sections 607.1104, 607.1105, and 607.1107 Florida Statutes (2009), regarding the merger by Goodman Global Holdings, Inc., a Delaware corporation (the "Parent") of its wholly-owned subsidiary corporation, Goodman Distribution Southeast, Inc., a Florida corporation ("GDS"), with and into another of its wholly-owned subsidiary corporations, Goodman Distribution, Inc., a Texas corporation authorized to do business in Florida ("GDI"), pursuant to a share exchange with GDI to be the surviving corporation. The Parent, GDS and GDI are sometimes referred to collectively herein as the "corporations".

### Article I
### Plan of Merger

03-31-10

GDS is hereby merged with and into GDI, pursuant to the Agreement and Plan of Merger of even date herewith (the "Plan"), a copy of which is attached hereto as Exhibit "A" and by this reference made a part hereof.

### Article II
### Effective Date

The effective date of the merger shall be March 31, 2010.

### Article III
### Corporate Authorizations and Approvals

The Parent owns more than eighty percent (80%) of the outstanding shares of the capital voting common stock of each of GDS and GDI. Therefore, pursuant to Section 607.1104(1)(a), Florida Statutes (2009), the approval of the shareholders of the corporations is not required.

The merger of GDS with and into GDI in accordance with the Plan has been duly authorized and approved by resolutions of the respective boards of directors of: (i) the Parent, which approval was effective on March 26, 2010; (ii) GDS, which approval was effective on March 26, 2010; and (iii) GDI, which approval was effective on March 26, 2010. Such approval by the respective boards of directors of the corporations is sufficient under Florida law to authorize the merger.

## Article IV
## Compliance with Section 607.1107

The corporations have complied with the requirements of Section 607.1107, Florida Statutes (2009), relating to the merger of a Florida corporation with and into a foreign corporation. GDI is duly authorized to conduct business in the State of Florida.

THE UNDERSIGNED have hereunto set their respective hands as of this 26th day of March, 2010.

PARENT:

**Goodman Global Holdings, Inc., a Delaware corporation**

By: _____

Name:    David L. Swift

Title:     President and Chief Executive Officer

GDS:

**Goodman Distribution Southeast, Inc., a Florida corporation**

By: _____

Name:    David L. Swift

Title:     President and Chief Executive Officer

GDI:

**Goodman Distribution, Inc., a Texas corporation**

By: _____

Name:    David L. Swift

Title:     President and Chief Executive Officer

## AGREEMENT AND PLAN OF MERGER

This Agreement and Plan of Merger (this "Agreement and Plan of Merger"), dated as of March 26, 2010, is between Goodman Distribution, Inc., a Texas corporation ("Distribution"), and Goodman Distribution Southeast, Inc., a Florida corporation ("Southeast").

A.     Distribution and Southeast are direct wholly-owned subsidiaries of Goodman Global Holdings, Inc. (the "Shareholder").

B.     The Board of Directors of Distribution, the Board of Directors of Southeast, and the Shareholder deem it desirable and in the best interests of the respective entities and their shareholders that Southeast be merged into and with Distribution (the "Merger"), such that Distribution will be the Surviving Corporation of the Merger (the "Surviving Corporation"), as authorized by the statutes of the State of Texas and the State of Florida and under and pursuant to the terms and conditions set forth in this Agreement and Plan of Merger;

NOW, THEREFORE, in consideration of the mutual promises and covenants, and subject to the terms and conditions set forth in this Agreement and Plan of Merger, the parties agree as follows:

1.     The name and state of formation of each of the entities proposing to merge are:

| Name | State of Formation |
|------|--------------------|
| Goodman Distribution, Inc. | Texas |
| Goodman Distribution Southeast, Inc. | Florida |

2.     On the Effective Date (as defined below), Southeast will merge with and into Distribution, and Distribution will survive the Merger as the surviving corporation (the "Surviving Corporation") pursuant to, and will be deemed to continue to exist under and be governed by, the provisions of the Texas Business Organizations Code. The address of the registered or principal office of the Surviving Corporation in its state of organization will continue to be the same address as prior to the effective date of the Merger. Upon the effective date of the Merger, (a) the separate existence of Southeast will cease and terminate, (b) all rights, title and interest to all real estate and other property of every type and nature, of Southeast will be allocated and vested, subject to any existing liens or other encumbrances, in the Surviving Corporation without (i) reversion or impairment, (ii) any further act or deed, and (iii) any transfer or assignment having occurred, and (c) all of the liabilities and obligations of Southeast, if any, will be allocated to, and be the liabilities and obligations of, the Surviving Corporation.

3.     The Certificate of Formation and Bylaws of Distribution in effect immediately prior to the effective date of the Merger will, upon the Merger becoming effective, be the Certificate of Formation and Bylaws of the Surviving Corporation without any further changes until the same are altered, amended, or repealed or until a new Certificate or Formation or new Bylaws, as the case may be, are adopted as provided therein and by law.



EXHIBIT

A

HOU:3004367.1

4.    The names and addresses of the persons who will constitute the directors and officers of the Surviving Corporation are those names and addresses of the persons who constitute the directors and officers, respectively, of Distribution immediately prior to the effective date of the Merger.

5.    Without any action on the part of either of Distribution or Southeast, the outstanding shares of Distribution and the outstanding shares of Southeast will be converted, exchanged or cancelled as follows:

(a)    Outstanding Shares of Stock of Distribution:  All of the shares of capital stock of every class of Distribution that are issued and outstanding immediately the effective date of the Merger will continue to be issued, outstanding, fully paid and non-assessable.

(b)    Outstanding Shares of Southeast:  All of the shares of capital stock of every class of Southeast that are issued and outstanding at the effective time will be automatically cancelled.

6.    Upon the approval of this Agreement and Plan of Merger by the shareholders of Distribution and Southeast under the applicable laws of the State of Texas and the State of Florida, Distribution and Southeast shall execute, file and record all documents, and take all actions, that are required in order to accomplish the Merger under the provisions of the applicable laws.

7.    This Agreement and Plan of Merger may be terminated and abandoned by action of the Board of Directors of Distribution or the Board of Directors of Southeast at any time prior to the filing and recording of all required documents under the laws of the State of Texas, whether before or after approval by the respective owners of the parties hereto.

8.    The Merger will become effective 11:59 p.m. on March 31, 2010.

[SIGNATURE PAGE FOLLOWS]

2

IN WITNESS WHEREOF, the parties hereto have caused this Agreement and Plan of Merger to be duly executed by their respective officers or authorized representatives effective on and as of the date above written.

**GOODMAN DISTRIBUTION, INC.,**
*a Texas corporation*

By: _____
Name:   David L. Swift
Title:    Chief Executive Officer


**GOODMAN DISTRIBUTION SOUTHEAST, INC.,** *a Delaware corporation*

By: _____
Name:   David L. Swift
Title:    Chief Executive Officer

HOU:3004367.1

**EXHIBIT E**

| Name | Office | Signature |
|---|---|---|
| Raymond V. Carroll, Jr. | Vice President, Assistant General Counsel and Assistant Secretary | |
| Caren P. DeLuccio | Assistant Secretary and Counsel | |

This pdf image was a proposed order inadvertently attached, in lieu of the document noted on the docket entry.  The pdf image of the proposed order has therefore been removed.

For additional information, please refer to the Corrective Action entry on the docket.